# Lindsey v. Commonwealth of Pennsylvania, Dept. of Transportation

*Eugene E. Fike, III,* for plaintiff.

*John G. Eidenmueller, Jr., Deputy Attorney General,* for defendant Pennsylvania Department of Transportation.

VanHORN, *P.J.,* September 3, 1982—This case is presently before us on plaintiff's motion for an order directing defendant, Commonwealth of Pennsylvania, Department of Transportation, (hereinafter

PennDOT), to produce certain documents requested by her pursuant to Pa.R.C.P. 4009.

A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not a ground for objection that the information sought will be inadmissible at the trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence: Pa.R.C.P. 4003.1. Moreover, the courts have followed the policy that discovery should be liberally allowed and that the limitations thereof should be narrowly construed: Goodrich-Amram 2d, §4001.3.

Plaintiff's action seeks damages by reason of the death of her husband in a motor vehicle accident on March 21, 1980, at the intersection of Pennsylvania State Highway Routes Nos. 220 and 56 in Bedford Township, this County. She alleges in her complaint that defendant, PennDOT, acted negligently, both in designing, constructing and maintaining said intersection and in failing to take corrective action after the Department knew or should have known of its dangerous and unsafe condition, which negligence was a proximate cause of the accident and her husband's fatal injuries.

Plaintiff groups the documents she requests into three categories: (1) studies, reports, memoranda, correspondence, notes and other written material in PennDOT's possession or control, relating to vehicle accidents which have occurred at the intersection in question, or within 500 feet thereof (Request for Documents, Paragraph 2(c) and (e)); (2) complaints, notes, memoranda, correspondence and other written material received by PennDOT and relating to vehicle accidents at the intersection, or within 500 feet thereof, or relating to the safety of such intersection or dangerous conditions

thereof (Request for Documents, Paragraph 2(d)); and (3) written material which originated with PennDOT and was sent, transmitted or circulated by it, relating to vehicle accidents at the intersection, or within 500 feet thereof, the safety of the intersection, dangerous conditions at the intersection or proposed corrective action of any dangerous condition (Request for Documents, Paragraph 2(f)).

PennDOT does not contend that the documents lack relevance or could not reasonably be expected to lead to the discovery of admissible evidence. Therefore, the material in question is discoverable unless PennDOT can claim the benefit of one or more of the limitations set forth in Pa.R.C.P. 4011.

PennDOT first objects that plaintiff's requests are "too broad and burdensome." Because plaintiff did not limit the time period covered by the requests, PennDOT argues it will be required "to research approximately 50 years of history" in order to provide a truthful response. In effect, PennDOT is contending that the disclosure requested would cause an "unreasonable burden" (Rule 4011(b)) or would require an "unreasonable investigation" (Rule 4011(e)). We do not agree.

"Generally, what is burdensome or unreasonably oppressive depends on the facts of a particular case. However, there must be evidence on the record of the effect on the deponent before the court can make a finding of unreasonableness to the deponent: Miller v. Bethlehem Steel Corporation, 56 D. & C. 2d 269 (1972). In the present case, there is no evidence of the effect upon the deponent in the event of compliance. There is merely an unsubstantiated allegation that compliance . . . would prove oppressive and burdensome." Provident National Bank v. Saltoff, 1 D. & C. 3d 600, 603 (1977).

Section 3753 of the Vehicle Code provides that the department "shall establish a central accident records agency"; that the agency will have primary responsibility for the "administration and supervision of storing, processing and providing the informational needs to all official agencies having responsibility in the highway transportation system"; and that the department "shall provide accident data for analysis in selecting accident prevention programs" including "identification of hazardous road locations." We do not know how PennDOT maintains its files in order to comply with this statutory directive, but in the absence of evidence to the contrary it would appear that material of the type plaintiff requests should be readily retrievable.

PennDOT also objects that plaintiff's requests will improperly require it to produce documents that specifically have been given the status of privileged material (Rule 4011(c)) by Sections 3747, 3751, 3753 and 3754 of the Vehicle Code. Again we do not agree.

As we have noted above, Section 3753 directs the department to tabulate and analyze accident reports. It not only contains no restrictions on disclosure but, in fact, clearly indicates that the information so assembled is to be freely disseminated both within and outside the department in the interest of advancing highway safety.

Section 3747 provides that written reports given to the department by drivers or owners of vehicles involved in accidents shall be "without prejudice" to the individual so reporting and no such reports shall be used as "evidence" in any trial, civil or criminal, arising out of the accident reported.

Similarly, in regards reports filed by police officers required to investigate accidents, Section 3751 provides that copies of such reports shall not be

admissible as "evidence" in any action for damages or criminal proceedings arising out of the accident investigated.

Section 3754 provides that the department may conduct in-depth accident investigations "for the purpose of determining the causes of traffic accidents and factors which may help prevent similar types of accidents." This section also renders information, records and reports associated with such investigations inadmissible as "evidence" in any legal action or other proceeding. Furthermore, the persons charged with the procurement or custody of in-depth accident investigation records and reports cannot be required to give "evidence" pertaining to anything contained therein in any legal action or proceeding.

A privilege belongs to the person whose interest it is designed to protect, and the privilege may be invoked only by that person. The privilege in this instance does not belong to PennDOT. The fact that Section 3747, 3751 and 3754 reports cannot be used as "evidence" may have the salutory effect of encouraging truthfulness and candor, thereby providing the department with more accurate data upon which to base its decisions. However, we reject the argument advanced by PennDOT's counsel that the statutory ban against evidentiary use of such material indicates a legislative intention to vest PennDOT with an "unfettered discretion" and to permit it to work in an "uninhibited environment." In our opinion, it was not PennDOT the Legislature intended to protect, but rather the persons submitting the reports and the parties directly involved in the accidents reported. That PennDOT was fully protected by the doctrine of sovereign immunity at the time the Vehicle Code was enacted supports this conclusion.

We are not unmindful that our learned colleagues in Fayette County reach a different conclusion. Although we have read Judge Adams' opinion in Mayfield v. Commonwealth of Pennsylvania, Department of Transportation, no. 1790 of 1981, C.C.P., Fayette County, with great care, we simply cannot share his view that the statutory ban against the use of accident reports as "evidence" prohibits discovery in cases of this nature. In our opinion to so hold is directly contrary to the policy that limitations on discovery are to be narrowly construed.

Plaintiff is not now seeking permission to use any specific document as evidence at the trial of this case. The purpose of the requested discovery is to assist her in demonstrating that a certain highway intersection was dangerous, that PennDOT had notice of the hazard, and that PennDOT failed to take corrective action. We are satisfied the material plaintiff seeks is relevant to the subject matter of her case, and even assuming the inadmissibility at trial of some of it, the material nevertheless appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, we shall direct PennDOT to comply with plaintiff's requests in all respects.

Wherefore, we enter the following

## ORDER

And now, September 3, 1982, plaintiff's motion to compel compliance with her request for production of documents is granted, and defendant, Commonwealth of Pennsylvania, Department of Transportation, is hereby ordered to make all of the documents requested available for examination and copying by counsel for the plaintiff at the earliest practicable date.